**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DAVID WILLIAMS,
ADC #78730                                                                                              PLAINTIFF

v.                                        2:10-cv-00042-SWW-JTK

KATHY STEWART                                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

1

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. No. 127). Plaintiff filed a Response in opposition to the Motion (Doc. No. 133).

Plaintiff Williams is a state inmate confined at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this 42 U.S.C. § 1983 action against several Defendants based on a disciplinary charge filed against him on March 8, 2007. Defendants Jackson, Clay, Cody, and Harmon were dismissed from Plaintiff's Complaint by Order dated August 12, 2010 (Doc. No. 38). The sole remaining claim is that Defendant Stewart filed the March 8, 2007 disciplinary charge against Plaintiff in retaliation for his filing of lawsuits and grievances. Plaintiff asks for damages from the Defendant.

According to the facts as presented by Plaintiff in his Complaint (Doc. No. 2), former Defendant Jackson instructed Defendant Stewart to write a retaliatory and false disciplinary charge against Plaintiff on November 1, 2006, following the confiscation of property from Plaintiff's cell.

That disciplinary charge eventually was dismissed, and Plaintiff later filed a grievance in an attempt to have his property returned to him. (Doc. No. 2, pp. 41-42.) (According to the grievance, Defendant Stewart filled out the form listing the property which was confiscated. Plaintiff's grievance was found without merit, as the property confiscated was determined to be contraband. Id.) Plaintiff claims that Defendant Stewart continued to act as Jackson's agent when she filed a second retaliatory disciplinary charge against him on March 8, 2007, charging Plaintiff with refusing her direct order to sign a classification waiver form. Plaintiff claims Defendant went out of her way to confront him on that date, since another officer was on duty in his cell block at the time. Plaintiff claims Defendant came to his cell to take him to a classification hearing, but when he insisted that she use three sets of handcuffs to restrain him behind his back, she asked him if he would sign a form, waiving his appearance at the hearing. He replied that he was not refusing to attend the hearing, but that he would not be transported while cuffed behind his back without the triple handcuffs.[1] Defendant then charged him with refusing to obey a direct order, and Plaintiff was convicted and lost commissary, telephone, and visitation privileges for fifteen days. (Doc. No. 2, pp. 20, 27-28.) The disciplinary charge was later overturned on April 23, 2007. (Doc. No. 2, p. 39.)

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

---

[1]Plaintiff's complaint about being cuffed behind his back was the subject of a prior lawsuit, where he maintained that because of a shoulder injury, Defendants were deliberately indifferent to his serious medical needs by refusing to cuff him in the front. Williams v. Bradley, 5:05cv00010BD. The Court in that case found that Plaintiff failed to prove an objective serious medical need for front-cuffing, and Defendants' practice of double-cuffing Plaintiff behind his back was not violative of the Eighth Amendment.

of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

  A.  **Defendant's Motion (Doc. No. 127)**

Defendant first states that Plaintiff's monetary claims against her in her official capacity should be dismissed pursuant to sovereign immunity, citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989), and Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). She next states that Plaintiff's retaliation claim against her in her individual capacity should be dismissed because he can not submit "affirmative evidence" of a retaliatory motive, or a temporal connection between the protected activity and the alleged retaliation, citing Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007). Defendant states that Plaintiff's allegation that the grievance he filed against her in 2006 was the motivating factor for her conduct does not support his claim, because although he mentioned Defendant in that prior grievance, the subject matter concerned his confiscated property which the Warden and/or Captain refused to return. In addition, Defendant

states the lack of proximity between the November, 2006 grievance and the March, 2007 disciplinary also fails to support a causal connection between the two. Therefore, Defendant states Plaintiff can not provide proof of retaliatory animus to support his claim.

Defendant also states that Plaintiff's claim that her retaliatory animus derived from her desire to punish him because of his successful litigation efforts also should fail, because she was not a party to any of the lawsuits filed by Plaintiff prior to the March, 2007 disciplinary charge. In addition, she states Plaintiff has never prevailed in a lawsuit against her, and that Defendant was not an employee at the Maximum Security Unit where Plaintiff was housed, and where he filed several lawsuits, prior to November, 2006. (See copies of lawsuits filed with Doc. No. 127-2.) Finally, Defendant states Plaintiff should not be permitted to recover compensatory damages because he suffered no physical injury, according to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

  **B.** **Plaintiff's Response (Doc. No. 133)**

In his Response, Plaintiff challenges the substance and merits of the disciplinary charge Defendant filed against him, claiming no reasonable officer would charge an inmate with a disciplinary for not signing a classification waiver. Plaintiff also denies that Defendant gave him a direct order and claims she violated ADC policy because she did not have the authority to charge him with a violation. Plaintiff states he knew retaliation was "brewing" (Doc. No. 133, p. 8), and that the disciplinary as written shows aggression, confrontation, and unprofessionalism by Defendant. He asks the Court to view the entire chronology of events when determining the existence of a temporal proximity to establish retaliation. He also states the fact that he did not previously prevail in a lawsuit against Defendant is not important, and that Defendant violated

established law and ADC policy. He also asks the Court to re-open the case against the other Defendants previously dismissed.

### C. Analysis

In order to support his claim against Defendant, Plaintiff must prove that he "engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). However, to avoid summary judgment, Plaintiff must "submit 'affirmative evidence [of] a retaliatory motive.'" Id. at 1029, quoting Wilson v. Northcutt, 441 F.3d 586, 592 (8th Cir. 2006) (other citations omitted). Plaintiff also must prove a "temporal connection between the protected activity and the alleged retaliation...." Lewis, 486 F.3d at 1029. A "'mere coincidence of timing' can rarely be sufficient to establish a submissible case" of retaliation. Nelson v. J. C. Penney Co., 75 F.3d 343, 346-7 (8th Cir. 1996).

In this case, Plaintiff claims that the grievance he filed in 2006 to obtain the return of his property was the motive behind the disciplinary charge filed by Defendant in March, 2007. This involves no "coincidence of timing" as set forth in Nelson, and does not support a finding of a temporal connection between the two. Plaintiff points to no actions, statements, or other evidence involving Defendant Stewart between the time the grievance was filed in 2006 and the time she filed the disciplinary charge against him in 2007 to support a claim of retaliatory motive. In addition, the evidence clearly shows that the lawsuits filed by Plaintiff against other ADC officials prior to the disciplinary charge at issue were resolved against him, and therefore, his contention that Defendant retaliated against him to punish him for his successful litigation efforts is not supported by the evidence. (Doc. No. 127-2.)

Another claim of retaliation against Defendant Stewart was dismissed for the same reasons in <u>Williams v. Stewart</u>, 2:10-cv-00039-JMM, where the Court found the prior grievances Plaintiff wrote and Plaintiff's general reputation as a litigator did not support his claim against Defendant. (Doc. Nos. 119, 122.) Plaintiff argued in that case that in determining retaliatory motive, the Court should review the totality of the circumstances. Plaintiff similarly states in this case that the Court should view his claim "as a whole with chronology of events." (Doc. No. 133, p. 10.). He also states that Defendant's unprofessional aggression and confrontation is clear from the disciplinary as written. The Notice of Charges as written by Defendant in the March 8, 2007 disciplinary appears as follows:

> On the above date and approximate time I, Sgt K. Stewart went to cell #3 in max cellblock 6 which is housed by inmate D. Williams #78730. Inmate Williams had refused to appear before the classification committee. When I approached his cell I gave him a direct order to sign the classification waiver. Inmate D. Williams stated that he was not going to sign anything because he did not refuse. I then asked him if he was going to appear and he stated that he would only if he could be handcuffed with three pairs of handcuffs. Inmate Williams was directed to sign the waiver again and he refused. There for I am charging inmate Williams with the above rule violations 12-1 pending DCR. End of statement.

(Doc. No. 2, p. 20.) However, the Court finds that neither the totality of the circumstances, nor his history at the ADC, nor the chronology of events, nor the above-written statement are sufficient evidence from which a retaliatory animus by the Defendant can be inferred. Therefore, the Court finds Defendant's Motion should be granted.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 127) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 4th day of November, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE